# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5938 | **DATE** | September 8, 2010 |
| **CASE TITLE** | Martinez v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Certain defendants' motion to dismiss the claims of the First Amended Complaint [34] is granted, and those claims are dismissed without prejudice.  Plaintiffs are given leave to file a Second Amended Complaint by September 28, 2010 that adequately alleges claims against those defendants, if they can do so.   SEE DETAILS BELOW.

__X__  [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This is a § 1983 action brought by Alberto Martinez and several of his family members against thirty Chicago police officers, the City of Chicago, and an attorney in the City's Corporation Counsel's office.  The action arises out of events that occurred during a party that was held at the Martinez family's home on September 23, 2008.  In a seventeen-count complaint, plaintiffs allege that the officers entered their home without justification, used excessive force, falsely arrested and maliciously prosecuted several family members, destroyed material exculpatory evidence, committed due process violations, and conspired among themselves to commit these constitutional violations.

Before the court is the motion of twenty-four individual defendant officers to dismiss the claims asserted against them in the First Amended Complaint and of the City to dismiss the corresponding claims asserted against it.  The officers argue that the claims against them should be dismissed because there are no allegations in the complaint that are specific to them; in other words, no facts are set out indicating that they were personally involved in the alleged misconduct.  Plaintiffs respond that they have identified which claims are asserted against which officers and that that is sufficient for notice-pleading purposes.

Defendants' motion is well-taken.  In Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009), the Seventh Circuit reviewed the Supreme Court's recent decisions regarding federal pleading standards and drew three conclusions: "First, a plaintiff must provide notice to defendants of her claims.  Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim.  Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  The First Amended Complaint fails to provide notice to the twenty-four moving defendants of the claims against them.  Section 1983 liability must be predicated on the personal involvement of a defendant, but the complaint does not provide any facts whatsoever regarding these officers' involvement.  Instead, it merely offers conclusory legal statements and/or abstract recitations of the elements of given claims, which we cannot accept as adequate.  And because the First Amended Complaint fails to state any claims against the twenty-four individual defendants, it also fails to state the corresponding claims against the City.

Accordingly, certain defendants' motion to dismiss the claims of the First Amended Complaint [34] is granted, and those claims are dismissed without prejudice.  Plaintiffs are given leave to file a Second Amended Complaint by September 28, 2010 that adequately alleges claims against those defendants, if they can do so.