**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALBERTO MARTINEZ, <u>et al.</u>,            )
                                           )
                       Plaintiffs,         )
                                           )
                       v.                  )      No. 09 C 5938
                                           )
CITY OF CHICAGO, <u>et al.</u>,            )
                                           )
                       Defendants.         )


**MEMORANDUM OPINION**

Before the court are the parties' motions for entry of a protective order.  For the reasons explained below, we deny the City of Chicago's motion and grant the plaintiffs' motion.

**BACKGROUND**

The plaintiffs have filed multiple federal and state law claims against the defendants arising from the plaintiffs' arrests on September 23, 2008.  The plaintiffs and the City have each moved the court to enter a protective order governing discovery in this case.  The parties' main point of contention is the treatment of documents contained in Complaint Register files ("CR files").  Under the City's proposed order, CR files would be designated "confidential," thereby limiting the plaintiffs' rights  to disclose information contained in those files.  (<u>See</u> Def.'s Proposed "Qualified HIPAA and Confidential Matter Protective Order," attached to the City's Mot. for Entry of Protective Order,

at ¶¶ A.6, C.1.)  The plaintiffs' proposed order would protect only personal information in the CR files (addresses, telephone numbers, etc.).  (<u>See</u> Pls.'s Proposed "Protective Order," attached as Ex. A to Pls.' Mot. for a Protective Order, at ¶¶ 1.f, 3.a.)

## A.   Legal Standard

Fed. R. Civ. P. 26(c)(1) provides that we "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Absent such an order, "parties to a lawsuit may disseminate materials obtained during discovery as they see fit." <u>Jepson, Inc. v. Makita Elec. Works, Ltd.</u>, 30 F.3d 854, 858 (7th Cir. 1994); <u>see also Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 31 (1984) (recognizing a limited First Amendment right to disseminate materials obtained in discovery).  "In deciding whether good cause exists, the district court must balance the interests involved: the harm to the party seeking the protective order and the importance of disclosure to the public." <u>Wiggins v. Burge</u>, 173 F.R.D. 226, 229 (N.D. Ill. 1997).  "Some factors to consider in making this determination are privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." <u>Id.</u>

**B.   Illinois Freedom of Information Act ("IFOIA")**

"IFOIA does not control this court's determination of whether 'good cause' has been shown to protect the" CR files.  <u>Calhoun v. City of Chicago</u>, 273 F.R.D. 421, 423 (N.D. Ill. 2011) (citing <u>Rangel v. City of Chicago</u>, No. 10 C 2750, 2010 WL 3699991, *2 (N.D. Ill. Sept. 13, 2010)).[1]  Nevertheless, district courts have looked to IFOIA for guidance when determining whether a party has demonstrated good cause to issue a protective order.  <u>See, e.g.</u>, <u>Henry v. Centeno</u>, No. 10 C 6364, 2011 WL 3796749, *3 (N.D. Ill. Aug. 23, 2011) (Although IFOIA is not controlling, it can "provide guidance as to whether good cause exists for a proposed protective order, as well as guidance as to the nature of the public's interest."); <u>Johnson v. Kemps</u>, No. 09 CV 4857, 2011 WL 2550507, *2 (N.D. Ill. June 20, 2011) ("[T]o the extent that IFOIA suggests that the defendants have a privacy interest in the CR files under Illinois law, IFOIA is helpful in determining whether the defendants have shown good cause for this provision of the protective order.").  Prior to recent IFOIA amendments, a number of courts in this district (including this court) cited <u>Gekas v.</u>

---

[1]   IFOIA controls the question of whether a governmental unit should be required to turn over information in response to a citizen's IFOIA request. Here, the City has not raised IFOIA as a defense to turning over the CR files in discovery in this case. <u>Cf</u>. <u>Santiago v. City of Chicago</u>, No. 09 C 3137, 2010 WL 1257780, *5 (N.D. Ill. Mar. 26, 2010).  Instead, it seeks an order limiting the plaintiffs' rights to further disseminate those materials pursuant to Rule 26(c). IFOIA's relevance to that issue is simply that it deals with the question of confidentiality, and that, in turn, relates not only to the initial production of material, but equally to the question of whether the recipient should be permitted to share it with others.

<u>Williamson</u>, 912 N.E.2d 347, 356 (Ill. App. Ct. 2009) in support of the proposition that there was not "good cause" to treat CR files as confidential. <u>See, e.g.</u>, <u>Goldhamer v. Nagode</u>, No. 07 C 5286, 2009 WL 3680201, *2 (N.D. Ill. Nov. 2, 2009). <u>Gekas</u> involved an IFOIA request for citizen complaints against a deputy sheriff in the Sangamon County sheriff's office. <u>Gekas</u>, 912 N.E.2d at 574. The sheriff refused the request, citing IFOIA's exemption for "[i]nformation that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy . . . ." 5 ILCS 140/7(1)(b) (effective until Jan. 1, 2010). That provision included a nonexclusive list of such private information, including "personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions." <u>Id.</u> at 140/7(1)(b)(ii). At the same time, the statute specified that "[t]he disclosure of information that bears on the public duties of public employees shall not be considered an invasion of personal privacy." <u>Id.</u> at 140/7(1)(b). The <u>Gekas</u> court concluded that the requested complaint files did not fall under IFOIA's privacy exemption:

> Unlike a performance evaluation, the [internal affairs branch of the sheriff's office]'s records are not generated for [the sheriff's] personal use, and they do not concern his personal affairs. What he does in his capacity as a deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business. Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an

employment application, a tax form, or a request for
medical leave. Not every scrap of paper that enters a
personnel file necessarily is personal information.

Gekas, 912 N.E.2d at 356. In Goldhamer, we relied on this language
in concluding that the defendants had not shown good cause to
designate entire CR files confidential. See Goldhamer, 2009 WL
3680201, *2. In this case, the plaintiffs ask us to enter a
protective order comparable to the order we entered in Goldhamer.
(See Pls.' Mot. at 1.)

The City argues that we should abandon our reasoning in
Goldhamer in light of recent amendments to IFOIA. The amended
statute retains the "personal privacy" exemption in amended form,
see 5 ILCS 140/7(1)(c), but then separately exempts "[r]ecords
relating to a public body's adjudication of employee grievances or
disciplinary cases; however, this exemption shall not extend to the
final outcome of cases in which discipline is imposed." Id. at
140/7(n). Judges in this district disagree about the amendment's
implications, both as it applies to IFOIA itself and to the "good
cause" analysis under Rule 26(c). Some judges have held that §
7(n) applies to CR files, and on that basis have found good cause
to limit their disclosure under Rule 26(c). See Brown v. City of
Chicago, No. 09 C 6506, 2011 WL 222840, *2 (N.D. Ill. Jan. 24,
2011) (Shadur, J.); Order, Clark v. City of Chicago, 10 C 1803, at
2 (N.D. Ill. Oct. 13, 2010) (Der-Yeghiayan, J.) (attached as Ex. F
to Defs.' Mem.); Order, Livingston v. McDevitt, 09 C 7725, at 3

(N.D. Ill. May 10, 2010) (St. Eve., J.) (attached as Ex. E to Defs.' Mot.); Order, <u>Pierce v. City of Chicago</u>, 09 C 1462, at 4 (N.D. Ill. Apr. 10, 2010) (Dow, J.) (attached as Ex. B to Defs.' Mot.); <u>Bell v. City of Chicago</u>, No. 09 C 0754, 2010 WL 753297, *3 (N.D. Ill. Feb. 26, 2010) (Keys, J.).  Other judges have held, or else suggested in dicta, that § 7(n) does not apply to CR files. <u>See</u> <u>Rangel</u>, 2010 WL 3699991, at *2 (rejecting the defendants' argument that the amendment materially changed the relevant exemptions) (Lefkow, J.); Order, <u>Fuller v. City of Chicago</u>, 09 C 1672, at 1 (N.D. Ill. Nov. 10, 2009) (DKT #67) (Hibbler, J.) (similar);[2] <u>see also</u> Order, <u>Macias v. City of Chicago</u>, 09 C 1240, at 2-3 (N.D. Ill. Mar. 10, 2010) (DKT #62) (Valdez, J.) (reasoning that the contents of CR files are generated during the investigation (not "adjudication") of citizen complaints).

---

[2]  The courts in <u>Rangel</u> and <u>Fuller</u> point out that former § 7(1)(u) exempted "[i]nformation concerning a university's adjudication of student or employee grievance or disciplinary cases, to the extent that disclosure would reveal the identity of the student or employee <u>and information concerning any public body's adjudication of student or employee grievances or disciplinary cases, except for the final outcome of the cases.</u>" 5 ILCS 140/7(u) (effective until Jan. 1, 2010).  The highlighted language is "nearly identical" to the amended § 7(1)(n).  <u>Rangel</u>, 2010 WL 3699991, *3.  The fact that the amended statute merely restates an existing exemption in slightly different language tends to undercut the inference that the Illinois General Assembly was responding to <u>Gekas</u>.  <u>Cf.</u> Order, <u>Pierce v. City of Chicago</u>, 09 C 1462, at 4 (concluding that the "timing and language" of the amendment supported the inference that the General Assembly was overruling <u>Gekas</u>).  Moreover, there does not appear to be any specific evidence that the General Assembly intended to repudiate <u>Gekas</u>.  <u>See</u> <u>Rangel</u>, 2010 WL 3699991, *3 ("[T]here is no basis to conclude that this amendment, enacted approximately one month after <u>Gekas</u> was decided, was an effort to broaden the scope of the adjudication exemption for public employees, and certainly not to exempt CR register documents.").  In any event, we need not decide this question to rule on the parties' motions.  (<u>See</u> <u>infra</u> n.2.)

We agree with the courts that have concluded that IFOIA question is really a side show. See Henry, 2011 WL 3796749, *4 (declining to rule on the exemption's scope and evaluating the "good cause" question independent of IFOIA exemption); Rangel, 2010 WL 3699991, *4 (concluding that the "real issue" is "whether defendants have demonstrated good cause for confidentiality of CR files").[3] Gekas was relevant to our decision in Goldhamer because the existence (or non-existence) of a privacy interest in the CR files is relevant to the question of "good cause" under Rule 26(c). See Henry, 2011 WL 3796749, *5 n.7 (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984)). Whereas, even if we assume that § 7(n) exempts CR files from disclosure under IFOIA, it is not clear what interest that exemption serves. As Henry points out, the amended § 7(n) is separate and independent from the "privacy" exemption, see Henry, 2011 WL 3796749, *5 n.7, and that exemption still provides that "[t]he disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(c). In Goldhammer, we found persuasive the Gekas court's

---

[3] We therefore decline to decide whether § 7(n) applies to CR files. See Henry, 2011 WL 3796749, *4 ("If this was a case brought under IFOIA, it would be incumbent upon this court to determine whether CR files fall within the § 140/7(n) exemption. Because IFOIA does not control the question before the court, however, the court need not reach this difficult question of law. The court simply finds that, given the disagreement over what § 140/7(n) actually covers, that section's guidance as to whether good cause exists for a protective order is not very helpful, and is certainly insufficient to resolve the question before the court.").

conclusion that police officers do not have a privacy interest in the performance of their public duties. We still find it persuasive. See Henry, 2011 WL 3796749, *5 n. 6 (concluding that even if IFOIA now exempts CR files, it does not "undermine the soundness" of Gekas's conclusion that public officials do not have a privacy interest in the performance of their public duties).

Although we find that there is no legitimate privacy interest at stake here, we acknowledge that there is some risk of "embarrassment" in the public disclosure of "investigations into charges that may or may not have merit." See O'Malley v. Village of Oak Brook, No. 07 C 1679, 2008 WL 345607, *2 (N.D. Ill. Feb. 6, 2008). But we agree with the courts in Henry and Rangel that this risk weighs less heavily in the balance than the plaintiffs' First Amendment rights. See Henry, 2011 WL 3796749, *6 ("[T]he court finds that [the plaintiff's First Amendment right to disseminate discovery material] outweighs any privacy interest the defendant officers may have in the CR files, insofar as the files contain information relating only to their public duties."); see also Rangel, 2008 WL 345607, *4 ("[P]olice officers are public employees, paid by the taxpayers. The public's interest in transparency outweighs the officers' privacy interest."); Gekas, 912 N.E.2d at 357-58 (the public has an interest in the substance of a citizen's complaint, as well as the investigation of that complaint). In sum, we do not believe that the changes to IFOIA require us to abandon our reasoning in Goldhamer. Consistent with

that decision, we find that the defendants have not established good cause to designate as confidential entire CR files.  We agree with the parties, however, that there is good cause to limit the disclosure of personal identifying information in those files.  In that connection, we find that the plaintiffs' proposed order is sufficient to protect such information from disclosure.  (<u>See</u> Pls.' Proposed Order, attached as Ex. A to Pls.' Mot., ¶ 1.f.)

<u>**CONCLUSION**</u>

The plaintiffs' motion for entry of a protective order [88] is granted.  The City's motion for entry of a protective order [85] is denied.

DATE:          May 10, 2012

ENTER:     _____

John F. Grady, United States District Judge